IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | No. 10-121-1 |
| v. | : | |
| | : | CIVIL ACTION |
| ROBERT MCKNIGHT | : | No. 15-5486 |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                                                                      **May 8, 2023**

Petitioner Robert McKnight moves to correct his sentence of 300 months' imprisonment pursuant to 28 U.S.C. § 2255. At sentencing, McKnight received a career offender enhancement under the advisory United States Sentencing Guidelines (the "Guidelines") based on two prior convictions for armed robbery. McKnight argues he no longer qualifies as a career offender after the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015). Because the Supreme Court's later decision in *Beckles v. United States*, 580 U.S. 256 (2017), forecloses McKnight's argument, his claim is both time-barred and non-cognizable under § 2255. Therefore, McKnight is not entitled to relief, and his motion will be denied without an evidentiary hearing.

**BACKGROUND**

On October 14, 2010, Robert McKnight was convicted by a jury of armed bank robbery and aiding and abetting, in violation of 18 U.S.C. § 2113(d) and § 2. Min. Entry, ECF No. 61. The Presentence Investigation Report (PSR) designated McKnight as a "career offender" under the advisory Sentencing Guidelines. The version of the Guidelines in effect when McKnight was sentenced provided:

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a

1

controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).[1] McKnight was over eighteen years of age when he committed the offense of which he was convicted in this case. As to the second and third requirements, the Guidelines defined a "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). McKnight's offense of conviction was armed bank robbery, and he had two prior convictions for armed robbery.[2] The PSR thus applied the career offender enhancement. Without the enhancement, McKnight's Guidelines range would have been 120 to 150 months' imprisonment. But with it, the Guidelines range was 262 to 300 months.[3]

At sentencing, the Court adopted the PSR without change. Tr. Sent. 4:12-14, ECF No. 87. After considering the statutory maximum sentence, the Guidelines range, and the factors set forth in 18 U.S.C. § 3553(a), the Court sentenced McKnight to the statutory maximum term of

---

[1] With one exception not relevant here, sentencing courts apply the Guidelines that "are in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(4)(A)(ii). In this case, the November 1, 2010 edition of the Guidelines applies.

[2] In addressing his criminal history under the third requirement—two prior felony convictions of either a crime of violence or a controlled substance offense—McKnight's Motion argues his prior convictions for armed bank robbery, federal conspiracy, assault with a dangerous weapon, and Pennsylvania robbery do not qualify as crimes of violence. *See* Am. Mot. Correct Sentence Under 28 U.S.C. § 2255 (hereinafter cited to as "Am. Mot.") at 6-8, ECF No. 128. The PSR, however, only cited McKnight's two prior convictions for armed robbery, and this discrepancy does not impact the Court's analysis.

[3] The Guidelines range was 262 to 327 months, but the statutory maximum term for armed robbery is 25 years, or 300 months. 18 U.S.C. § 2113(d).

2

imprisonment: 300 months. J. 2, ECF No. 81. The Court entered the Judgment on February 15, 2011. *Id.*

On October 6, 2015, McKnight filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. On May 12, 2016, McKnight filed a counseled, amended motion citing the Supreme Court's decision in *Johnson*. ECF No. 128. At the time of filing, consideration of all motions seeking *Johnson* relief were deferred pursuant to an Administrative Standing Order dated December 23, 2015. A second Administrative Order further deferred consideration of these motions on May 16, 2016. On July 14, 2017, while McKnight's *Johnson*-related petition was still stayed, McKnight filed a counseled motion supplementing his original pro se motion. *See* ECF No. 139. On November 13, 2017, McKnight informed the Court he wished to withdraw the supplemental motion and to proceed pro se. ECF No. 146. The Court granted this request. *See* ECF No. 149. Accordingly, only the amended motion filed on May 12, 2016, remains. It is now ripe for review.

**STANDARD OF REVIEW**

Under § 2255, a petitioner:

may move to vacate, set aside, or correct his federal sentence if: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) the court lacked "jurisdiction to impose" the sentence; (3) the sentence exceeded "the maximum authorized by law"; or (4) the sentence is "otherwise subject to collateral attack[.]"

*United States v. Folk*, 954 F.3d 597, 601 (3d Cir. 2020) (quoting 28 U.S.C. § 2255(a)) (alteration in original). Section 2255 "afford[s] federal prisoners a remedy identical in scope to federal habeas corpus [under 28 U.S.C. § 2254]." *Davis v. United States*, 417 U.S. 333, 343 (1974). In evaluating a § 2255 motion, the court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Gov't of the V.I. v. Forte*, 865 F.2d 59,

62 (3d Cir. 1989). And the court "must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *Id.*

**DISCUSSION**

McKnight filed this petition asking the Court to resentence him without the career offender enhancement after the *Johnson* decision. *See generally* Am. Mot., ECF No 128. In *Johnson*, the Supreme Court held the residual clause of the Armed Career Criminal Act was unconstitutionally vague and violated due process.[4] 576 U.S. at 597. Because the Guidelines contain an identical clause, McKnight claims his career offender enhancement under U.S.S.G. § 4B1.2(a) was also unconstitutional. Am. Mot. 1, ECF No. 128. He argues his instant offense of conviction, armed bank robbery, is not a crime of violence under the remaining clauses of the Guidelines. *Id.* at 4-6. He also argues his prior felony convictions for armed robbery (and other crimes) are not crimes of violence. *Id.* at 6-8. Because the Supreme Court held in 2018 that *Johnson*'s holding does not apply to the residual clause of the advisory Guidelines, McKnight's argument is foreclosed. *See Beckles*, 580 U.S. at 267. As explained below, his petition is thus untimely and non-cognizable, so the motion will be denied.

McKnight's petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996, which imposes a one-year limitations period on applications for writs of habeas corpus.

---

[4] The Act defined a "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
> (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

18 U.S.C. § 924(e)(2)(B) (residual clause in italics).

28 U.S.C. § 2255(f). The limitations period begins on the latest of (1) the date the judgment of conviction became final, (2) the date a state-created impediment was removed, (3) the date the Supreme Court recognized a new and retroactive constitutional right, or (4) the date the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. §§ 2255(f)(1)-(4). McKnight brings this habeas petition under § 2255(f)(3), claiming *Johnson* created a new constitutional right. Am. Mot. 8-9, ECF No. 128.

On March 6, 2017, however, the Supreme Court closed the door to this argument. *See Beckles*, 580 U.S. 256. Relying on *Johnson*, the appellant in *Beckles* challenged the advisory Guidelines' residual clause as unconstitutionally vague. *Id.* at 259. The Supreme Court rejected this argument, as "[u]nlike the ACCA . . . the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* at 263. The Court further explained the Guidelines "do not implicate the twin concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement." *Id.* at 265. The Supreme Court thus held the residual clause in the advisory Sentencing Guidelines is not void for vagueness. *Id.* at 263.

*Beckles* controls because McKnight's career offender enhancement was applied pursuant to the advisory Guidelines, not the Armed Career Criminal Act. As such, *Johnson* does not provide a "newly recognized" constitutional right which applies to McKnight's sentence. 28 U.S.C. § 2255(f)(3); The federal limitations period therefore began accruing when McKnight's judgment of conviction became final on February 15, 2011. 28 U.S.C. § 2255(f)(1). McKnight's petition, filed on May 12, 2016, is time-barred. *Accord United States v. Green*, 898 F.3d 315, 316 (3d Cir. 2018) (holding *Johnson* did not constitute a newly recognized right for Guidelines purposes, and

so the appellant's § 2255 motion challenging application of the residual clause in the mandatory Guidelines was time-barred).

Finally, even if McKnight's petition was not time-barred, his claim is not cognizable. *See Folk*, 954 F.3d at 609. A court may consider a petition under 28 U.S.C. § 2255(a) if: "(1) 'the sentence was imposed in violation of the Constitution or laws of the United States'; (2) the court lacked 'jurisdiction to impose' the sentence; (3) the sentence exceeded 'the maximum authorized by law'; or (4) the sentence is 'otherwise subject to collateral attack[.]'" *Id.* at 601 (quoting 28 U.S.C. § 2255(a)) (alteration in original). Because of the *Beckles* decision, McKnight does not have a constitutional claim. He does not assert this Court lacked jurisdiction to sentence him, or that his sentence exceeds the statutory maximum of 300 months. As to collateral attack, the Third Circuit has expressly held that "an incorrect career-offender enhancement under the advisory guidelines is not cognizable under § 2255 because it is not a fundamental defect that inherently results in a complete miscarriage of justice." *Id.* at 604.

Accordingly, McKnight's motion under 28 U.S.C. § 2255 will be denied. Because the record conclusively shows McKnight is not entitled to relief, no evidentiary hearing is required. *See Forte*, 865 F.2d at 62. Further, the Court cannot find that McKnight has made the requisite substantial showing of the denial of a constitutional right, nor has he demonstrated jurists of reason would find this conclusion or the correctness of the Court's procedural findings to be debatable. There is thus no basis to issue a Certificate of Appealability. *See generally*, 28 U.S.C. § 2253; *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.